**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADAM M. DOWNS, as the ) <br> Fund Administrator ) <br> of the LIUNA National (Industrial) ) <br> Pension Fund, ) <br> 905 - 16th Street, N.W. ) <br> Washington, D.C. 20006, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREENSBURG CONCRETE BLOCK ) <br> 800 South Main Street ) <br> Greensburg, Pennsylvania 15601 ) <br> ) <br> and ) <br> ) <br> EDWARD REPASKY, Jr. ) <br> 800 South Main Street ) <br> Greensburg, Pennsylvania 15601. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.   1:19-cv-2589 <br><br><br><br> **COMPLAINT** |

Plaintiff, by and through his undersigned attorney, and for his causes of action against Defendants, complain and allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1.      This is a civil action brought pursuant to Sections 502(a)(2), 502 (a)(3) and 515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. §§1132 (a)(3) and 1145, by the administrator of the LIUNA National (Industrial) Pension Fund (the "Pension Fund"), Adam M. Downs, to secure performance by a contributing employer (Greensburg Concrete Block Company) and its owner and President (Edward

Repasky, Jr.) of specific statutory and contractual obligations to pay contributions to the Pension Fund on behalf of employees of Greensburg Concrete Block Company, to pay interest on delinquent contributions, and to pay collection costs. The action further seeks to remedy breaches of fiduciary duties and prohibited transactions by Defendant Edward Repasky, Jr. with respect to the contributions owed to the Pension Fund.

2. Jurisdiction is conferred on this court under the following statutes:

(a) ERISA Sections 502(e)(1), (f), 29 U.S.C. §§1132(e)(1), (f);

(b) 28 U.S.C. §1331 (federal question); and

(c) 29 U.S.C. §1337 (civil action arising under act of Congress regulating commerce).

3. Venue properly lies in the district for the District of Columbia pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e). Plaintiff Adam M. Downs ("Downs") brings this action on behalf of the Pension Fund. The Pension Fund's main administrative office is located in the District of Columbia.

4. Under ERISA Section 502(e), 29 U.S.C. §1132(e), Defendants may be served in any federal district in which it/he resides or may be found so as to subject Defendants to the personal jurisdiction of this Court.

**IDENTIFICATION OF THE PARTIES**

5. Plaintiff Downs is the Fund Administrator of the Pension Fund. As such, he is a fiduciary with respect to the Pension Fund within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. §§1002(21) and 1132). He brings this action in his fiduciary capacity on behalf of and for the benefit of the Pension Fund with the authorization of the Pension Fund's Board of Trustees.

6. The Pension Fund is a joint labor-management trust fund established and maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)). The Pension Fund is an employee pension benefit plan and an employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and 1145). The Pension Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1)). The purpose of the Pension Fund is to provide pension benefits to eligible employees on whose behalf employers contribute pursuant to the collective bargaining agreements with the Laborers' International Union of North America (LIUNA) or with Local Unions and District Councils affiliated with LIUNA.

7. Defendant Greensburg Concrete Block Company ("Greensburg") is a for-profit business corporation whose primary business is selling building supplies. Greensburg's primary office is located at 800 South Main Street, Greensburg, Pennsylvania 15601. Greensburg is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145).

8. Defendant Edward Repasky, Jr. ("Repasky") is the owner and President of Greensburg. As such, he has and exercises discretionary control over payment or nonpayment of Greensburg's financial obligations. Defendant Repasky is a fiduciary with respect to the Pension Fund within the meaning of Section 3(21) of ERISA (29 U.S.C. §§1002(21)) inasmuch he has and exercises discretionary authority over plan

assets of the Pension Fund, including the contributions owed to the plan.  He is also an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145).

## FIRST CAUSE OF ACTION
### (ERISA § 515: Delinquent Pension Fund Payments)

9. Greensburg is party to and contractually bound by Collective Bargaining Agreements with the Laborers' District Council of Western Pennsylvania that sets the terms and conditions of employment for Greenburg's employees.  Greensburg signed Collective Bargaining Agreements which were effective April 1, 2011 through March 31, 2014, April 1, 2018 through March 31, 2019, and April 1, 2019 through March 31, 2020.

10. The Collective Bargaining Agreements require Greensburg to make contributions to the Pension Fund for each week worked or paid to an employee covered by the Agreement.  These contributions are necessary to fund pension benefits being earned by covered employees by their work for Greensburg.  Specifically, Article X-PENSION PLAN of the Collective Bargaining Agreement effective April 1, 2018 through March 31, 2019 provides as follows:

> "The Employer adopts the Preferred Schedule of the Laborers' National (Industrial) Pension Fund as set forth in its Funding Rehabilitation Plan dated July 26, 2010.  Pursuant to that schedule, effective as of April 1, 2018 thru March 31, 2019, the Employer agrees to contribute one hundred ninety-three dollars and twenty cents ($193.20) per week for each union employee into the Laborers' International Union of North America Pension Fund."

11. Article X-PENSION PLAN of the Collective Bargaining Agreement effective April 1, 2019 through March 31, 2020 includes the same provision but increases the contribution rate to two hundred twelve dollars and eighty cents ($212.80)

per week.

12.     Greensburg agreed to pay the monthly contributions due to the Pension Fund by the twentieth (20th) day of the month following the month in which its employees work.  Greensburg is also required to submit monthly contribution reports detailing each employee that worked the previous month.

13.     By signing the Collective Bargaining Agreements, Greensburg agreed to be bound to the Pension Fund's Rules and Regulations, and the Pension Fund's Agreement and Declaration of Trust.

14.     The Pension Fund's Trust Agreement (Delinquency Control Program Section III Delinquency Procedures) provides, in pertinent part, as follows:

> "C.     Delinquent employers shall be assessed the following charges:
>
> 1.     Each employer carrying a contribution delinquency for thirty (30) calendar days or more will automatically be assessed interest on the delinquent amount at the rate of 1½% per month for each month or part thereof from the date on which the Employer became delinquent until the date on which the delinquency is collected.  All interest assessments will be immediately due and payable.  The Fund Administrator will notify the Employer of the interest charge.
>
> 2.     Each Employer whose delinquent status is referred to the Fund Counsel for legal action shall, in addition to interest, be charged liquidated damages in an amount equal to twenty percent (20%) of the unpaid delinquent contributions as the reasonably anticipated costs of administration and collection.  All liquidated damages shall be immediately due and payable.  The Fund Administrator will notify the Employer in writing of the assessment of liquidated damages.
>
> 3.     Each delinquent Employer that is audited pursuant to Part III-B-3 hereof shall be charged for the actual cost of the

audit.  The Fund Administrator will notify the Employer of the assessment of audit fees charged which shall be due and payable immediately.

4.     In addition to interest and auditing charges, each Employer against which legal action is taken to collect delinquent contributions or other monies due the Fund shall be charged and liable to the Fund for attorneys' fees and for costs incurred by the Fund in taking such legal action, as well as for the liquidated damages assessed under Part III-C-2 hereof, and such other relief as may be available to the Fund under the Employee Retirement Income Security Act and other applicable law."

15.    Greensburg was obligated to contribute to the Pension Fund at a rate of $175.60 per week for each employee covered by the Collective Bargaining Agreement from April 1, 2017 through March 31, 2018.  Greensburg was obligated to contribute to the Pension Fund at a rate of $193.20 from April 1, 2018 through March 31, 2019, and at a rate of $212.80 from April 1, 2019 through March 31, 2020.

16.    As of the date of this Complaint, Greensburg has failed to pay the contributions due to the Pension Fund for the hours worked in December 2017 through July 2019.  Greensburg submitted the contribution reports showing the amount of contributions owed to the Pension Fund but failed to pay the contributions due to the Pension Fund.  Greensburg owes the Pension Fund **$108,100** in contributions for December 2017 through July 2019.

17.    Greensburg is required by the Pension Fund's Trust Agreement, as adopted by Greensburg in the Collective Bargaining Agreements, to pay interest on past due contributions at the rate of 1.5% compounded per month from the date due to the date paid.  As of September 1, 2019, Greensburg owes **$24,039.39** in interest charges to the Pension Fund.

18. By failing to pay the contributions and interest charges to the Pension Fund when due Greensburg violated the Collective Bargaining Agreement, the terms of the Pension Fund including its Trust Agreement, and ERISA Section 515.

19. Greensburg was sent a demand letter for the delinquent contributions due for the period October 2017 through January 2018 and interest on March 7, 2018. A follow-up final notice demand letter for the period October 2017 through February 2018 was sent to Greensburg on April 4, 2018. The Pension Fund also attempted to contact Defendant Repasky on several occasions but was unable to speak with him.

20. Greensburg did not respond to the demand letters and the Pension Fund referred the matter to my firm which serves as Fund Counsel for collection action. My firm sent a demand letter on May 3, 2018. No response was received. My firm sent a follow-up letter on January 11, 2019. Attorney Colleen Corday with my firm made several attempts to contact Defendant Repasky by phone and by e-mail but was unable to get Defendant Repasky on the phone. No return phone call was received and no e-mail correspondence was received.

21. Pursuant to the Collective Bargaining Agreements, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from Greensburg the delinquent contributions, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and all other costs of collection.

Case 1:19-cv-02589-RJL   Document 1   Filed 08/27/19   Page 8 of 12

-8-

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty and Prohibited Transactions by Defendant Edward Repasky, Jr.)

22. Plaintiff incorporates and realleges herein each and every allegation of paragraphs 1 through 21 to the same effect as if restated here in full, and further alleges as follows.

23. Greensburg was required by its Collective Bargaining Agreements to make contributions for its employees to the Pension Fund. By signing the Collective Bargaining Agreements, Greensburg agreed to be bound by the Rules and Regulations of the Pension Fund.

24. The Pension Fund's Rules and Regulations require participating employers to submit monthly contribution reports detailing the exact hours or weeks worked and/or paid to its employees covered by the collective bargaining agreement. Employers are further required to submit contribution payments for the time worked and/or paid to employees. The Pension Fund relies on employers to accurately report the time worked and/or paid to its employees. The Pension Fund further relies on employers to pay contributions to the Pension Fund at the correct contribution rate.

25. Contributions to the Pension Fund are substitute wages to the employees. The employees, through LIUNA, collectively bargained to have Greensburg pay a certain amount of contributions to the Pension Fund in lieu of cash wages.

26. The unpaid contributions and accrued interest charges owed to the Pension Fund are assets of the Pension Fund for purposes of ERISA.

27. At all material times, Defendant Repasky, as owner and President, had discretionary authority and control over Greensburg's payment or non-payment of the

contributions and interest charges owed to the Pension Fund. As such, he is a fiduciary with respect to the Pension Fund within the meaning of Section 3 (21) of ERISA (29 U.S.C. §§1002(21)), and a party in interest with respect to the Pension Fund within the meaning of Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. §§1002 (14)(A), (C) and (E)).

28. At all material times, Defendant Repasky has had knowledge of Greensburg's obligations to the Pension Fund under its Collective Bargaining Agreements. Defendant Repasky signed the Collective Bargaining Agreements and agreed to be bound to its terms, the Pension Fund's Rules and Regulations, and the Pension Fund's Agreement and Declaration of Trust.

29. Defendant Repasky submitted contribution reports for the period December 2017 through July 2019, but failed to pay the contributions due for that same period.

30. Defendant Repasky exercised his discretionary authority and control to withhold from the Pension Fund the contributions and interest charges owed to it. By doing so, he has deprived the Fund of its assets or the benefit of its assets, and has deprived Greensburg's employees of compensation and benefits to which they are entitled for their work.

31. Defendant Repasky has converted assets of the Pension Fund to the use and benefit of his company, Greensburg, and thereby unjustly enriched and benefitted the company and himself as the owner.

32. Defendant Repasky's acts and omissions constitute violations of his fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), and prohibited

transactions in violation of ERISA Sections 406(a) and 406(b), 29 U.S.C. §§1106(a),(b).

33.     Defendant Repasky is personally liable to the Pension Fund under ERISA Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1109, 1132(a)(2), (a)(3), for its losses including all unpaid contributions, accrued interest charges, and unfunded benefits earned by Greenburg's employees.  Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. §§1002 (14)(A), (C) and (E)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants Greensburg Concrete Block and Edward Repasky, Jr., jointly and severally, as follows:

1. Judgment in favor of the LIUNA National (Industrial) Pension Fund for delinquent contributions totaling **$108,100.00**; and

2. Judgment in favor of the LIUNA National (Industrial) Pension Fund for any contributions Defendants fail to pay after the date of filing while this action is pending;

3. Judgment in favor of the LIUNA National (Industrial) Pension Fund for interest on the delinquent contributions at the Fund's standard rate of 1.5% per month compounded for a total of **$24,039.39** (as of September 1, 2019); and

4. Judgment in favor of the LIUNA National (Industrial) Pension Fund for interest accruing on the delinquent contributions until the date the contributions are paid to the Pension Fund at the Fund's standard rate of 1.5% per month compounded; and

5. Judgment in favor of the LIUNA National (Industrial) Pension Fund in the

      amount representing doubling of the accrued interest as mandated by ERISA Section 502(g)(2) (29 U.S.C. §1132(g)(2)), made applicable by ERISA Sections 4301(b), 515 (29 U.S.C. §§1451(b), 1145); and

6. Judgment in favor of the LIUNA National (Industrial) Pension Fund for attorneys fees and costs, plus such additional attorneys fees and costs incurred by the Pension Fund in relation to this action, in accordance with the mandate of ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2); and

7. Judgment in favor of the LIUNA National (Industrial) Pension Fund for post-judgment interest and the costs of this action; and

8. An Order compelling Defendants to submit to the LIUNA National (Industrial) Pension Fund all past due monthly contribution reports; and

9. An Order compelling all Defendants to submit to the LIUNA National (Industrial) Pension Fund all contributions, interest charges, and contribution reports when due for such periods as Greensburg is contractually or legally obligated to contribute to the Pension Fund;  and

10. Such other and further relief as the Court deems just and proper.

Dated: August 27, 2019

                                    Respectfully submitted,

                                    /s/ James S. Ray
                                    James S. Ray (DC Bar No. 265082)

                                  /s/ Colleen Ray Corday
                                  Colleen Ray Corday (DC Bar No. 1022853)

                                  Law Offices of James S. Ray, PLLC
                                  108 North Alfred Street, 3rd Floor

-12-

Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com
      cray@rayraylaw.com

Counsel for Plaintiff